**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Meredith,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Shepherd Properties Company,<br><br>　　　　　　Defendant. | No. CV-13-02013-PHX-DGC<br><br>**ORDER** |

　　　　Defendant Shepherd Properties Company d/b/a ShepCo Commercial Finishes ("ShepCo") has filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Doc. 31. Plaintiff Jack Meredith has filed a response or, in the alternative, a motion to amend. Doc. 36. Plaintiff has also filed a motion for leave to file a surreply. Doc. 43. For the reasons that follow, the Court will deny the motions.

**I.　　Background.**

　　　　Plaintiff was an employee of Tradesman International, which "is an employee leasing company that loans workers to contractors to complete construction projects." Doc. 36 at 2. Plaintiff was allegedly "leased" to ShepCo, which assigned him to complete construction of a commercial building in Scottsdale, Arizona. *Id.* On May 20, 2012, Plaintiff fell off a ladder and broke his arm while on the job. *Id.*; Doc. 31 at 3. Plaintiff filed a claim for workers' compensation, which was denied by Defendants New Hampshire Insurance Company and Gallagher Bassett Services (collectively the

"Insurance Defendants"). Doc. 31 at 3. Plaintiff alleges that ShepCo "discouraged and created unnecessary road blocks to prevent [Plaintiff]'s necessary surgery for his fractured arm," and that ShepCo "knew that New Hampshire was acting in bad faith and substantially assisted New Hampshire's breach." Doc. 36 at 3. Plaintiff further contends that "ShepCo's conduct culminated in its retaliatory termination of [Plaintiff][.]" *Id.* Plaintiff filed this action asserting bad faith against the Insurance Defendants and retaliatory termination and aiding and abetting bad faith against ShepCo. *See* Doc. 1.

## II.     Legal Standard.

A motion for judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

In considering a motion for judgment on the pleadings, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(c). If the Court treats the motion as having been brought under Rule 56, the Court must give all parties the opportunity to present all material pertinent to such motion. *Id.*

## III.    Analysis.

ShepCo initially argues that it is entitled to judgment on the pleadings because it was not Plaintiff's employer. Doc. 31 at 2. Plaintiff responds that ShepCo was his "borrowing employer" under Arizona law. Doc. 36 at 1. ShepCo concedes this argument in its reply, but then argues that it "is entitled to immunity from [Plaintiff]'s aiding and abetting claim pursuant to A.R.S. § 23-1022(A)[.]" Doc. 42 at 2. ShepCo cannot abandon the original basis for its motion and assert a new basis in its reply brief. Arguments raised for the first time in a reply brief are deemed waived. *Delgadillo v.*

*Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).  Because ShepCo has conceded that its motion is moot based on the arguments in Plaintiff's response, the Court will deny the motion.

      **IT IS ORDERED** that ShepCo's motion for judgment on the pleadings (Doc. 31) is **denied**.  Plaintiff's motion to amend (Doc. 36) is **denied** as moot.  Plaintiff's motion for leave to file a surreply (Doc. 43) is also **denied** as moot.

      Dated this 6th day of March, 2014.

_____
David G. Campbell
United States District Judge